# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

FILED BY _____ D.C.

05 JUN -7 PM 2: 45

ROBERT R. DI TROLIO
CLERK, U.S. DIST CT.
W. D. OF TN JACKSON

DAVID A. WILLIAMS,

    Plaintiff,

VS.                                                    No. 05-1030-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER VACATING MAY 13, 2005 ORDER
ORDER ASSESSING $150 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff David A. Williams, Tennessee Department of Correction prisoner number 334807, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 7, 2005. The Court issued an order on May 13, 2005 directing the plaintiff to submit, within thirty days, a certified copy of his inmate trust fund account statement, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or pay the $150 civil filing fee. The Court has received a letter from the plaintiff indicating that these documents were submitted with the complaint. Upon further review, it appears that the plaintiff is correct.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 6|8|05

5

Accordingly, the Court VACATES the May 13, 2005 order.  The Clerk shall record the defendants as the Corrections Corporation of America and WCF warden Steve Dotson.

I.     Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[1]  The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer and a trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall

---

[1]   Because this action was commenced prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

3

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.    Analysis of Plaintiff's Claims

The complaint alleges that the plaintiff has a preexisting medical condition that caused him to be classified as Class B Medical, which restricts him from performing certain jobs available to inmates involving lifting heavy objects, standing for long periods of time, and repetitive bending and stooping. He arrived at the WCF in November 2002 and was initially assigned to work in the commissary department, which was consistent with his medical restrictions. Plaintiff chose to leave that job due to "repeated threats of a write up for circumstances beyond [his] control" and asked for a transfer to another department. In September of 2003, he was assigned to a position in the laundry department that was not consistent with his medical restrictions. Plaintiff was admitted to the infirmary for three days and, after his release, he was told to continue his assigned duties. He contends that failure to maintain his employment will subject him to disciplinary action. In January 2004, while working in the laundry, plaintiff experienced another episode of lower back pain that caused him to leave work. Later that date, plaintiff was admitted to the infirmary for three days and, upon his release, he was told to return if his condition worsened. Plaintiff was

4

admitted to the infirmary again on April 5, 2004, at which time he was taken to the emergency room and given medication which prison officials did not permit him to take because it was pain medication. Plaintiff was admitted to an outside hospital on April 27 or 28, 2004, where a decompression lominectomy was performed on his back, allegedly because of the WCF's disregard of his medical restrictions. The plaintiff seeks monetary damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

5

Knuckles El, 215 F.3d at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989,

985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison

officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639

(2005; Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege

exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry

v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to

dismiss for failure to exhaust when plaintiffs did not submit documents showing complete

exhaustion of their claims or otherwise demonstrate exhaustion).  Furthermore, § 1997(e)

requires the prisoner to exhaust his administrative remedies before filing suit and, therefore,

he cannot exhaust these remedies during the pendency of the action.  Freeman v. Francis,

196 F.3d 641, 645 (6th Cir. 1999).  Finally, the Sixth Circuit recently held that district courts

are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that

contains any unexhausted claims.  Jones Bey v. Johnson, — F.3d — , No. 03-2331, 2005

WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005).

    In this case, the complaint makes clear that the plaintiff did not exhaust his

administrative remedies.  The sole explanation for this omission is the unelaborated assertion

that "[t]he Job Coordinator at this facility said she would find me something I could do."

    The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of

administrative remedies through 'particularized averments' does not state a claim on which

relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d

6

at 489.[2] Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III.   Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir.

---

[2]  As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

[3]  Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

IT IS SO ORDERED this 7th day of June, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in
 case 1:05-CV-01030 was distributed by fax, mail, or direct printing on
June 8, 2005 to the parties listed.

---

David Williams
W.C.F.A.
334807
P.O. Box 679
Whiteville, TN 38075--067

Honorable James Todd
US DISTRICT COURT